**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4040**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

CHRISTOPHER WILSON,

              Defendant - Appellant.

———————

**No. 14-4041**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

CHRISTOPHER WILSON,

              Defendant - Appellant.

———————

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, Chief District Judge.  (5:11-cr-00139-D-1; 5:11-cr-00140—D-1)

———————

Submitted:  July 28, 2015          Decided:  August 13, 2015

———————

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Daniel K. Dorsey, Washington, D.C., for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Seth M. Wood, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Wilson appeals the district court's judgment revoking his terms of supervised release and sentencing him to a total of 36 months' imprisonment. Wilson's counsel initially filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he found no meritorious grounds for appeal but questioning whether Wilson's sentence was reasonable. Wilson filed a pro se supplemental brief asserting several issues, including a claim that the district court erred by classifying his supervised release violation as a Grade A violation rather than as a Grade B violation. Finding that this claim was potentially meritorious, we ordered supplemental briefing on the issue of whether this error affected Wilson's substantial rights. See Henderson v. United States, 133 S. Ct. 1121, 1126 (2013) (discussing plain error standard of review). After reviewing the record and the parties' briefs, we affirm the judgment of the district court.*

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). A revocation

---

* Our review of the entire record leaves us with no doubt that the claim raised in counsel's Anders brief and the remaining claims asserted in Wilson's pro se supplemental brief are without merit.

3

sentence that is both within the applicable statutory maximum and not "plainly unreasonable" will be affirmed on appeal. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In conducting this review, we assess the sentence for reasonableness, utilizing "the procedural and substantive considerations" employed in evaluating an original criminal sentence. Id. at 438. Only if a sentence is found procedurally or substantively unreasonable will "we . . . then decide whether the sentence is plainly unreasonable." Id. at 439.

In his supplemental brief, relying on United States v. Lynn, 592 F.3d 572 (4th Cir. 2010), Wilson objects to the application of the plain error standard of review, arguing that he preserved his claims of procedural error at the revocation hearing. However, "[t]o preserve an argument on appeal, the defendant must object on the same basis below as he contends is error on appeal." United States v. Zayyad, 741 F.3d 452, 459 (4th Cir. 2014). Because Wilson did not challenge the calculation of his advisory policy statement range before the district court, we review the calculation of that range for plain error. See Henderson, 133 S. Ct. at 126.

As the Government correctly concedes, the district court plainly erred by classifying Wilson's violation as a Grade A violation rather than as a Grade B violation. See id.; see also 18 U.S.C. § 1341 (2012); U.S. Sentencing Guidelines Manual

4

§ 7B1.1(a)(1), p.s. (2013). Although this error resulted in a higher advisory policy statement range, the district court did not rely on that range. Instead, the court imposed the statutory maximum sentences based on its findings that Wilson's breach of the court's trust was egregious and that, despite the evidence of rehabilitation presented at the revocation hearing, Wilson's record indicated that continued criminal activity was likely. Moreover, the record does not demonstrate any nonspeculative basis for finding that the district court would have imposed a lower sentence had it correctly calculated Wilson's advisory policy statement range. United States v. Knight, 606 F.3d 171, 178 (4th Cir. 2010) (providing standard for demonstrating effect on substantial right in context of revocation sentencing); see also United States v. McLaurin, 764 F.3d 372, 388 (4th Cir. 2014) (requiring nonspeculative basis in record to conclude lower sentence would have been imposed), cert. denied, 135 S. Ct. 1842 (2015). Accordingly, we conclude that the error in calculating Wilson's advisory policy statement range did not affect his substantial rights.

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED